MESERVY LAW, P.C.
LONDON D. MESERVY (SBN: 216654)
london@meservylawpc.com
401 West A Street, Suite 1712
San Diego, CA 92101
Telephone:  858.779.1276
Facsimile:   866.231.8132

DENTE LAW, P.C.
MATTHEW S. DENTE (SBN: 241547)
matt@dentelaw.com
5040 Shoreham Place
San Diego, CA 921
Telephone: 619.550.3475
Facsimile:  619.342.9668

Attorneys for Plaintiff Tracy Lynn Collins

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LYNN COLLINS, an Individually,<br><br>Plaintiff,<br><br>v.<br><br>PAYLOCITY CORPORATION,<br><br>Defendant. | Case No.:  **'20 CV0845 DMS KSC**<br><br>**COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY MINIMUM WAGES;**<br><br>**(2) FAILURE TO PAY OVERTIME WAGES (FLSA);**<br><br>**(3) FAILURE TO PAY OVERTIME WAGES (CALIFORNIA LABOR CODE);**<br><br>**(4) FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS;**<br><br>**(5) FAILURE TO PROVIDE REST PERIODS;**<br><br>**(6) FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(7) FAILURE TO TIMELY PAY WAGES OWED ON SEPARATION; AND**<br><br>**(8) UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Tracy Lynn Collins ("Plaintiff") and asserts claims against defendant Paylocity Corporation ("Defendant") as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, because Plaintiff's Second Claim for Relief for Failure to Pay Overtime arises under federal law, specifically the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. This Court has supplemental jurisdiction over Plaintiff's state-law claims of under 28 U.S.C. § 1367(a), because they arise out of the same facts as Plaintiff's FLSA claims.

3. Venue is proper in this District under 28 U.S.C. § 1391, because the events forming the basis of this action occurred in this District.

### PARTIES

4. Plaintiff is, and at all times mentioned in this complaint was, a resident of San Diego County, California and was an employee of Defendant from in or about November 2012 to in or about April 2020.

5. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein Paylocity Corporation was an Illinois corporation and was licensed and qualified to do business in California and continues to transact business throughout California.

6. Whenever in this complaint reference is made to any act, deed, or conduct of Paylocity Corporation, the allegation means that Paylocity Corporation engaged in the act, deed, or conduct by or through one or more of its managers, officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Paylocity Corporation.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

8. Defendant employed Plaintiff as an Implementation Consultant from in or

about November 2012 to in or about April 2020.

9. From in or about November 2012 through in or about November 2019, Defendant classified Plaintiff, including in her role as an Implementation Consultant, as exempt from the overtime requirements of the applicable California Industrial Welfare Commission ("IWC") Wage Order and the California Labor Code, as well as the FLSA.

10. Defendant also classified Plaintiff, in her role as an Implementation Consultant, as exempt from California's meal and rest period laws and, accordingly, failed to provide Plaintiff with required meal or rest periods from in or about November 2012 through in or about November 2019.

11. Defendant classified Plaintiff as exempt from California and federal overtime laws from in or about November 2012 through in or about November 2019 despite the fact that, among other considerations, as an Implementation Consultant Plaintiff did not manage any employees, did not exercise discretion or independent judgment as defined by California law or the FLSA, and spent a vast majority of her time performing non-exempt and non-discretionary routine tasks and clerical work such as data entry.

12. In or about November 2019, Defendant reclassified Plaintiff, in her role as an Implementation Consultant from exempt to non-exempt and began to pay her overtime compensation. Plaintiff's job duties did not change as a part of this reclassification.

13. At all times when she was classified as an exempt employee, Plaintiff was not authorized to and was unable to consistently take timely, uninterrupted, off-duty meal periods or paid rest breaks in accordance with California law. Even after being reclassified as a non-exempt employee, Plaintiff's workload and job requirements were often such that she was unable to take timely, uninterrupted, duty-free meal periods and rest breaks.

14. At all times relevant, Plaintiff was also not provided with compliant wage statements containing the information required by California law. Specifically, the wage statements Defendant provided to Plaintiff failed to show the actual number of hours worked, the number of overtime hours worked, all applicable hourly rates, all applicable overtime rates, and accurate accounts of gross and net wages earned by Plaintiff.

15.     Plaintiff is informed and believes, and thereon alleges, that Defendant is and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of federal and California wage and employment laws.

16.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff was entitled to receive overtime compensation and that she was not receiving the overtime compensation due her.

17.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant knew that it had a duty to compensate Plaintiff with premium overtime wages and premium wages owed Plaintiff for Defendant's failure to provide Plaintiff with meal periods and rest breaks and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff that she was properly denied these premium wages, all in order to increase Defendant's profits.

**FIRST CLAIM FOR RELIEF FOR FAILURE TO PAY MINIMUM WAGES**

**(By Plaintiff Against Defendant)**

18.     Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

19.     At all times relevant, California Labor Code §1197 provides that the minimum wage for employees fixed by the California Industrial Welfare Commission ("IWC") is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.

20.     At all times during her employment prior to November of 2019, Plaintiff was not paid for all hours that she worked because she was paid a salary that only covered, as a matter of California law, pay for hours up to 8 hours in a day and 40 hours in a work week..

21.     At all times relevant, Plaintiff was not paid at least minimum wage for all hours that she worked. Instead, Defendant had a policy and practice of failing to pay Plaintiff for all hours worked. This violation occurred due to Defendant's illegal

classification of Plaintiff, including in her role as an Implementation Consultant, as exempt from overtime under federal and California laws. Because she was classified as an exempt employee, Defendant did not record all hours that Plaintiff worked nor did Defendant pay for all hours Plaintiff worked, despite the fact that Defendant knew the work was being performed above those covered by her salary (i.e. above 8 hours in a day and 40 hours in a week).

22. At all times relevant, Defendant failed to pay minimum wages to Plaintiff as required. Defendant's failure to pay Plaintiff minimum wages as required violates California Labor Code §1197.

23. Plaintiff is entitled to recover the unpaid balance of her minimum wage compensation as well as interest, costs, and attorneys' fees under California Labor Code §1194 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon under California Labor Code §1194.2.

**SECOND CLAIM FOR RELIEF FOR FAILURE TO PAY OVERTIME WAGE (FLSA)**

**(By Plaintiff Against Defendant)**

24. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

25. Under the FLSA, it is unlawful to employ persons in non-exempt positions for longer than 40 hours in a week without paying them the proper overtime compensation as required by the FLSA, i.e., one and one-half times the regular rate.

26. As an employee of Defendant, including in her role as an Implementation Consultant, Plaintiff was not exempt from the FLSA's overtime provisions.

27. At all times relevant, Plaintiff, including in her role as an Implementation Consultant, consistently worked in excess of forty (40) hours in a week.

28. At all times relevant, Defendant failed to pay overtime wages owed to Plaintiff under the FLSA.

29. At all times relevant, Plaintiff, including in her role as an Implementation

Consultant, did not meet the requirements for any exemption under the FLSA.

30. Defendant's violations of the FLSA were willful and committed in bad faith.

31. Accordingly, under 29 U.S.C. § 216(b), Plaintiff is entitled to recover her unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation due to Plaintiff, as well as interest, costs, and attorneys' fees.

## THIRD CLAIM FOR RELIEF FOR FAILURE TO PAY OVERTIME WAGES
## (CALIFORNIA LABOR CODE)
**(By Plaintiff Against Defendant)**

32. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

33. Under California Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC without paying them the proper overtime compensation as required by the IWC and California law.

34. At all times relevant, the IWC Wage Order applicable to Plaintiff, including in her role as an Implementation Consultant, provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of time-and-one-half her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of two times her regular rate of pay.

35. California Labor Code § 510 codifies the right to overtime compensation at the rate of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

36. At all times relevant, Plaintiff, including in her role as an Implementation Consultant, consistently worked in excess of eight (8) hours in a day and/or forty (40)

hours in a week.

37. At all times relevant, Defendant failed to pay overtime wages owed to Plaintiff.

38. At all times relevant, Plaintiff, including in her role as an Implementation Consultant, regularly performed non-exempt work in excess of 50% of the time, and thus was subject to the overtime requirements of the applicable IWC Wage Order and the California Labor Code.

39. Defendant's failure to pay Plaintiff overtime compensation for overtime hours worked while in her role as an Implementation Consultant II violates the applicable IWC Wage Order and California Labor Code §§ 510 and 1198 and is therefore unlawful.

40. Accordingly, Defendant owes Plaintiff overtime wages, and has failed and refused, and continues to fail and refuse, to pay Plaintiff the amounts owed.

41. Under California Labor Code § 1194, Plaintiff is entitled to recover her unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## FOURTH CLAIM FOR RELIEF FOR FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS

### (By Plaintiff Against Defendant)

42. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

43. California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (5) net wages earned …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

44. Within the year prior to the filing of this Complaint, Defendant knowingly and intentionally failed to furnish Plaintiff compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a). Specifically, the wage statements

Defendant provided to Plaintiff violated California Labor Code § 226(a) because they failed to: show the actual number of hours worked, the number of overtime hours worked, all applicable hourly rates, all applicable overtime rates, and accurate accounts of gross and net wages earned by Plaintiff.

45. California Labor Code § 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

46. California Labor Code § 226(e)(2)(B) states in pertinent part "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: … (i) …any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…." Further, Plaintiff was injured and damaged by these failures because, among other things, the failures led her to believe that she was not entitled to be paid wages for overtime although she was so entitled. Also, Defendant's failure to comply with Labor Code § 226(a) hindered Plaintiff from determining the amounts of wages actually owed to her.

47. Defendant knowingly and intentionally failed to furnish Plaintiff with compliant wage statements upon each payment of wages in violation of California Labor Code § 226(a).

48. Plaintiff was injured and damaged by Defendant's failure to comply with California Labor Code § 226(a) and, accordingly, is entitled to recover statutory penalties, attorneys' fees, and costs under Labor Code § 226(e).

### FIFTH CLAIM FOR RELIEF FOR FAILURE TO PROVIDE REST PERIODS

**(By Plaintiff Against Defendant)**

49. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

50. Under the IWC Wage Order applicable to Plaintiff's employment with Defendant:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof … Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

California Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable IWC Wage Order. Defendant was required to authorize and permit Plaintiff to take paid rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC Wage Order applicable to Plaintiff's employment with Defendant, Defendant did not authorize and permit Plaintiff to take paid ten-minute rest periods for every four hours worked, or major fraction thereof. The workload assigned to Plaintiff also did not permit Plaintiff to take timely, uninterrupted, off-duty res breaks. These violations occurred in part due to Defendant's illegal classification of Plaintiff as exempt from California's overtime and rest period laws.

51. At all times relevant, Defendant failed to provide Plaintiff with the required paid rest periods under the IWC wage orders applicable to Plaintiff's employment with Defendant and California Labor Code § 226.7. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

52. Under Labor Code § 226.7, Plaintiff is entitled to recover one (1) hour of premium pay for each day on which she was not provided with a required rest period.

## SIXTH CLAIM FOR RELIEF FOR FAILURE TO PROVIDE MEAL PERIODS

**(By Plaintiff Against Defendant)**

53. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

54. Under California Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

55. Under the IWC Wage Order applicable to Plaintiff's employment with Defendant, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to her work for the employer and the employee must consent in writing to the "on duty" meal period. Plaintiff did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff was not such that Plaintiff was prevented from being relieved of all duties. Despite said requirements of the IWC Wage Order applicable to Plaintiff's employment with Defendant and California Labor Code §§ 512 and 226.7, Plaintiff was not provided with timely, uninterrupted meal periods and was not relieved of all duties during any meal periods Plaintiff did take. Plaintiff's workload did not permit for timely, uninterrupted, duty-free meal periods during her workday. These violations occurred in part due to Defendant's illegal classification of Plaintiff, including in her role as an Implementation Consultant, as exempt from California's overtime and meal period laws.

56. At all times relevant, Defendant failed to provide Plaintiff first and sometimes second meal breaks of not less than thirty (30) minutes required by the IWC Wage Orders applicable to Plaintiff's employment with Defendant. As a proximate result

of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

57. Under California Labor Code § 226.7, Plaintiff is entitled to recover one hour of premium pay for each day on which she was not provided with a required meal period.

## SEVENTH CLAIM FOR RELIEF FOR FAILURE TO TIMELY PAY WAGES OWED ON SEPARATION

### (By Plaintiff Against Defendant)

58. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

59. California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code § 201, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

60. Because Defendant willfully and illegally failed to pay Plaintiff for all hours worked, minimum wage, and premium overtime wages owed to her at all times relevant, and wages owed under Labor Code § 226.7, Defendant willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff her wages, earned and unpaid, at the time of her discharge from Defendant's employ.

61. Defendant's willful failure to pay Plaintiff her wages earned and unpaid at the time of discharge violates Labor Code § 201.

62. As a result, Defendant is liable to Plaintiff for waiting time penalties under Labor Code § 203, in an amount according to proof at the time of trial.

## EIGHTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION

### (By Plaintiff Against Defendant)

63. Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

64. A violation of California Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law. Here, Defendant's employment policies and procedures including, but not limited to, their failure to pay Plaintiff minimum wages or premium overtime wages and failure to provide meal and rest periods violate the IWC Wage Order applicable to Plaintiff as well as California Labor Code §§ 226.7, 510, 512, 1197, and 1198and constitutes unfair competition and unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq.*

65. Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Defendant's competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

66. Plaintiff was personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

67. Under California Business and Professions Code §§ 17200, *et seq.*, Plaintiff is entitled to restitution of the premium overtime wages, as well as premium wages owed for Defendant's failure to provide meal and rest periods, that were unlawfully withheld and retained by Defendant, an award of attorneys' fees under California Code of Civil Procedure § 1021.5, and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

### On the First Claim for Relief

1. For compensatory damages equal to the amount of unpaid minimum wage compensation owed to Plaintiff;

2. For pre-judgment interest on any unpaid minimum wage compensation due from the day that such amounts were due;

3. For liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon under California Labor Code § 1194.2;

4. For reasonable attorneys' fees and costs under Labor Code §1194; and

5. For such other and further relief as the Court deems proper.

### On the Second Claim for Relief

1. For compensatory damages in an amount equal to the amount of unpaid overtime compensation owed to Plaintiff;

2. For Liquidated damages equal to the amount of unpaid overtime compensation due to Plaintiff under 29 U.S.C. § 216(b);

3. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

4. For reasonable attorneys' fees and costs under 29 U.S.C. § 216(b); and

5. For such other and further relief as the Court deems proper.

### On the Third Claim for Relief

1. For compensatory damages in an amount equal to the amount of unpaid overtime compensation owed to Plaintiff;

2. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs under California Labor Code § 1194; and

4. For such other and further relief as the Court deems proper.

### On the Fourth Claim for Relief

1. For statutory damages measured at $50 for the first violation, and $100 for every subsequent violation, for Plaintiff under California Labor Code § 226(e);

2. For reasonable attorneys' fees and costs under California Labor Code § 226(e); and

3. For such other and further relief as the Court deems proper.

### On the Fifth Claim for Relief

1. For one (1) hour of premium pay for each day in which a required rest period was not provided;

    2.    For pre-judgment interest on any unpaid premium wages due from the day that such amounts were due;

    3.    For reasonable attorneys' fees and costs; and

    4.    For such other and further relief as the Court deems proper.

<u>On the Sixth Claim for Relief</u>

    1.    For one (1) hour of premium pay for each day in which a required meal period was not provided;

    2.    For pre-judgment interest on any unpaid premium wages due from the day that such amounts were due;

    3.    For reasonable attorneys' fees and costs; and

    4.    For such other and further relief as the Court deems proper.

<u>On the Seventh Claim for Relief</u>

    1.    For statutory penalties under California Labor Code § 203;

    2.    For pre-judgment interest for wages untimely paid; and

    3.    For such other and further relief as the Court deems proper.

<u>On the Eighth Claim for Relief</u>

    1.    That Defendant pay restitution and/or disgorgement of sums to Plaintiff for its failure to pay minimum wage, premium overtime wages, and premium wages owed for Defendant's failure to provide meal and rest periods over the last four (4) years in an amount according to proof;

    2.    For pre-judgment interest on any unpaid minimum wages, premium overtime wages and premium wages owed for Defendant's failure to provide meal and rest periods due from the day that such amounts were due;

    3.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5;

    4.    For costs of suit incurred herein; and

    5.    For such other and further relief as the Court deems proper.

//

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial in this matter.

Dated:   May 4, 2020

MESERVY LAW, P.C.
DENTE LAW, P.C.

By: /s/ London D. Meservy
    LONDON D. MESERVY (SB# 216654)

Attorneys for Plaintiff Tracy Lynn Collins